14 F.3d 593
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
A & B TRASH SERVICE, a division of Astor-Bolden Enterprises,
Incorporated, Plaintiff, Appellant,
v.
TOWN OF SHALLOTTE, Defendant-Appellee.
 No. 93-1073.
 United States Court of Appeals, Fourth Circuit.
 Submitted October 28, 1993.
Decided December 10, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.
 John E. Menechino, Jr., Smith, Currie & Hancock, for appellant.
 Mark A. Lewis, Ramos & Lewis, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and NIEMEYER, Circuit Judges.
 
 PER CURIAM
 OPINION
 
 1
 A & B Trash Service (A & B) appeals from the district court's dismissal of its complaint for lack of a federal claim. Finding that the district court properly dismissed this action, we affirm.
 
 
 2
 A & B filed a complaint alleging a cause of action under 42 U.S.C. Sec. 1983 (1988). A & B complained that the town of Shallotte, North Carolina, had violated state law that granted a property interest in the award of a contract for trash removal, and thereby violated A & B's civil rights. Where state law creates a property interest in the award of a contract, a property right in the contract may arise. Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1242 (11th Cir.1992) (citations omitted), cert. denied, 61 U.S.L.W. 3264 (U.S.1992). An injured party may recover damages for improper state action impairing that contract. Id. We review de novo the district court's finding that no such property right, and therefore no federal claim, existed. Id. at 1240.
 
 
 3
 A & B contends that North Carolina law creates a property right in the award of a contract for the removal of trash. A & B contends that the property right arises from a North Carolina competitive-bid statute that provides in relevant part:
 
 
 4
 No construction or repair work requiring the estimated expenditure of public money in an amount equal to or more than fifty thousand dollars ($50,000) or purchase of apparatus, supplies, materials, or equipment requiring an estimated expenditure of public money in an amount equal to or more than twenty thousand dollars ($20,000) ... shall be performed, nor shall any contract be awarded therefore, by ... any county, city, [or] town ... unless the provisions of this section are complied with.
 
 
 5
 N.C. Gen.Stat. Sec. 143-129 (1990) (emphases added).
 
 
 6
 The plain wording of the statute, however, does not comprehend the contract involved here. A & B's bid was for the award of a service contract--for the removal of trash. It was neither construction nor repair work, nor did it involve the town's purchase of apparatus or supplies. A & B has not pointed to any further statute, regulation, or state court decision that extends the protection of the competitive bidding process contained in section 143-129 to service contracts. We also are unable to find any. Thus, there is no independent state law providing any property interest in the award of this contract to A & B. Without such a property interest, the district court properly granted Defendant's motion for summary judgment. Thus, the district court properly dismissed the complaint.
 
 
 7
 We affirm the district court's dismissal of A & B's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED